JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

|  |  |
|---|---|
| MORTIZ ASSOCIATES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>RUSSELL MASAMICHI HIGUICHI AND DOES 1-10, inclusive,<br><br>Defendant. | Case No.: SACV 22-01691-CJC (DFMx)<br><br>**ORDER *SUA SPONTE* REMANDING CASE AND DENYING PENDING MOTIONS AS MOOT (Dkts. 7, 8)** |

Plaintiff filed this unlawful detainer action in state court in June 2022.  (Dkt. 1 Ex. A.)  Defendant Russell Masamichi Higuchi, acting *pro se*, removed the case on September 15, 2022.[1]  (Dkt. 1.)  For the following reasons, the Court lacks subject matter jurisdiction and hereby *sua sponte* **REMANDS** the case to Los Angeles Superior Court.

---

[1] Defendant removed after the 30-day deadline.  *See* 28 U.S.C. § 1441.

A defendant may remove a civil action filed in state court to a federal district court if the federal court would have had original jurisdiction over the action. 28 U.S.C. § 1441. Federal courts have subject matter jurisdiction over cases that (1) involve questions arising under federal law or (2) are between diverse parties and involve an amount in controversy that exceeds $75,000. 28 U.S.C. §§ 1331, 1332. Principles of federalism and judicial economy require courts to "scrupulously confine their [removal] jurisdiction to the precise limits which [Congress] has defined." *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941). Indeed, "[n]othing is to be more jealously guarded by a court than its jurisdiction." *See United States v. Ceja-Prado*, 333 F.3d 1046, 1051 (9th Cir. 2003) (internal quotations omitted). The defendant removing the action to federal court bears the burden of establishing that the district court has subject matter jurisdiction over the action, and the removal statute is strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

Federal courts have a duty to examine their subject matter jurisdiction whether or not the parties raise the issue. *See United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 966 (9th Cir. 2004) ("[A] district court's duty to establish subject matter jurisdiction is not contingent upon the parties' arguments."). "The court may—indeed must—remand an action *sua sponte* if it determines that it lacks subject matter jurisdiction." *GFD, LLC v. Carter*, 2012 WL 5830079, at *2 (C.D. Cal. Nov. 15, 2012).

It is clear that the Court lacks subject matter jurisdiction over this case. Plaintiff's Complaint states a single claim for unlawful detainer under California law. (Dkt. 1 Ex. A.) The Complaint does not include any claim "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Defendant claims that "[f]ederal question exists because Defendant's Answer [is] a pleading that depends on the

determination of Defendant's rights and Plaintiff's duties under federal law." (Dkt. 1 ¶ 8.) However, Defendant attached his answer to his Notice of Removal, and no federal question appears. (Dkt. 1 at 12.) Indeed, the answer is a state court form that Defendant filled out. (*Id.*) Moreover, even if the answer reflected defenses rooted in federal law, "the existence of federal jurisdiction depends solely on the plaintiff's claims for relief and not on anticipated defenses to those claims." *ARCO Envtl. Remediation, L.L.C. v. Dept. of Health and Envtl. Quality*, 213 F.3d 1108, 1113 (9th Cir. 2000); *see Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005) ("A federal law defense to a state-law claim does not confer jurisdiction on a federal court."). There are no federal claims in Plaintiff's Complaint. *See Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1748 (2019) (explaining that to evaluate whether a court has original jurisdiction, it evaluates whether the plaintiff's operative complaint could have been brought originally in federal court).

Diversity jurisdiction is also lacking. Diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). The amount in controversy requirement has not been met because the complaint demands less than $10,000 in damages. (Dkt. 1 Ex. A at 1.) This case is hereby **REMANDED** to Orange County Superior Court. The pending motions (Dkts. 7, 8) are **DENIED AS MOOT.**

DATED: September 19, 2022

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE